UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


MICHELLE GOEBERT,

                    Plaintiff,


vs.                                      Case No.  2:04-cv-505-FtM-29DNF



LEE COUNTY, a political subdivision
of the State of Florida, LEE COUNTY
SHERIFF'S   OFFICE,   MIKE   SCOTT,
individually and as Sheriff of Lee
County,    THOMAS    P.    WEAVER,
individually and as Captain of Lee
County  Sheriff's  Office,  PRISON
HEALTH  SERVICES,  INC.,  a  foreign
corporation, EMSA CORRECTIONAL CARE,
INC., a Florida corporation, DAVID
F.  BROWN,  M.D.,  an  individual,
SANDEE    MALANOSKI,    R.N.,    an
individual,

                    Defendants.
_____/

**<u>OPINION AND ORDER</u>**

     This matter comes before the Court on defendants Prison Health

Services, Inc. ("PHS"), EMSA Correctional Care, Inc. ("EMSA"), and

David F. Brown, M.D.'s ("Dr. Brown")(collectively "the medical

defendants") Motion to Dismiss the Second Amended Complaint (Doc.

#65) filed on April 25, 2005.  Despite its caption, defendants

request their motion be treated as a motion for Summary Judgment.

(Doc. #65, n.1).  Plaintiff has filed a Response (Doc. #72), and

does not object to treating the motion as one for summary judgment.

**I.**

The Second Amended Complaint (Doc. #52) sets forth the following facts: Plaintiff Michelle Goebert ("Goebert"), entered the Lee County Jail as an inmate on October 19, 2001. (Doc. #52, p. 5, ¶23). The Sheriff's Office, Captain Weaver ("Weaver"), Sheriff Scott ("Scott"), EMSA, Prison Health Services, Inc. ("PHS"), DAVID F. Brown, M.D., ("Brown"), and Sandee Malanoski, R.N., ("the Nurse") were aware that plaintiff was several months pregnant at the time of her incarceration. (Id at ¶24). Between November 19, 2001 and November 25, 2001 Goebert requested medical care daily because she believed she was losing amniotic fluid, and was experiencing other symptoms that caused her concern for the welfare of her unborn child. (Id at p. 6). Between November 26 and November 28, 2001, plaintiff made written requests for medical attention. (Id. at p. 7). On November 30, 2001, plaintiff was taken to a hospital where she was placed in the Intensive Care Neonatal Unit. (Id). Plaintiff's fetus died on December 3, 2001 due to lack of amniotic fluid. (Id at pg. 8). Plaintiff's treating physician informed her that if she had been brought to the hospital without the eleven day delay between the time she first recognized the need for medical attention and the time she was actually admitted, her unborn baby could have been saved. (Id).

Plaintiff filed a seven count Second Amended Complaint (Doc. #52) which alleges violations of her Eight Amendment right against

cruel and unusual punishment pursuant to 42 U.S.C. § 1983.[1]  The medical defendants contend that Summary Judgment is appropriate because (1) the facts establish Goebert received appropriate medical treatment, (2) a fetus does not have constitutional rights, thus precluding Goebert's claims for damages arising from her miscarriage, and (3) Goebert has not complied with the Prison Litigation Reform Act ("PLRA").  (Doc. #65, p. 13).

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

---

[1]As defendants correct note, the causes of action actually arise under the Fourteenth Amendment because plaintiff was a pretrial detainee.  The standards, however, are the same as under the Eighth Amendment.

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial motion. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N.Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).  In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).  After reviewing the materials submitted by the parties, the Court concludes that there are genuine issues of material fact which preclude summary judgment.

**IV.**

Defendants also assert that plaintiff cannot recover damages for the loss of her "child" because the law does not recognize a fetus as a "person" as that term is used in the Fourteenth Amendment.  The Court disagrees.  The Second Amended Complaint asserts claims on behalf of plaintiff, not her unborn fetus.  While the fetus may not have been able to bring an action its own right, there is nothing in § 1983 which precludes loss of a fetus as a component of plaintiff's damages.

**IV.**

Defendants also assert that the Second Amended Complaint must be dismissed because plaintiff failed to exhaust administrative remedies which were available to her in the Lee County jail, as required by the Prison Litigation Reform Act (PLRA). Title 42 U.S.C. § 1997e provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This requirement applies to all prisoners' suits filed after April 26, 1996. Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999). "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Moreover, in Porter v. Nussle, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. See also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available).

Defendants have not included the Lee County jail administrative procedures as part of the record in this case, and therefore have not established that plaintiff failed to comply with administrative remedies available to her.  This aspect of the summary judgment motion must therefore be denied.

Accordingly, it is now

**ORDERED:**

1.  Defendants Prison Health Services, Inc., EMSA Correctional Care, Inc., and David F. Brown, M.D.'s Motion to Dismiss the Second Amended Complaint (Doc. #65), treated as a motion for summary judgment, is **DENIED.**

2.  Defendants shall file their Answer within **TEN (10) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of July, 2005.

_____
JOHN E. STEELE
United States District Judge