UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE GOEBERT,

    Plaintiff,

vs.                              Case No.   2:04-cv-505-FtM-29DNF

MIKE SCOTT as Sheriff of Lee County,
THOMAS P. WEAVER, individually and
as Captain of Lee County Sheriff's
Office, PRISON HEALTH SERVICES,
INC., a foreign corporation, EMSA
CORRECTIONAL CARE, INC., a Florida
corporation, DAVID F. BROWN, M.D.,
an individual, SANDEE MALANOSKI,
R.N., an individual,

    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendants Mike Scott and Thomas P. Weaver's Motion to Tax Costs (Doc. #127), filed on December 21, 2005. No response has been filed and the time to do so has now expired.

**I.**

    On December 7, 2005, the Court entered an Opinion and Order (Doc. #125) granting defendants Prison Health Services, Inc., EMSA Correctional Care, Inc., and David F. Brown, M.D.'s Motion for Summary Judgment; granting defendants Mike Scott and Thomas Weaver's Motion for Summary Judgment and dismissing Counts IV and

V without prejudice and alternatively granting the motion the motion and directing the entry of judgment in favor of Mike Scott in his official capacity as to Count IV and in favor of Thomas Weaver in his official and individual capacities as to Count V; and dismissing Count II without prejudice as to Sandee Malanoski. Judgment in a Civil Case (Doc. #126) was entered on December 7, 2005, accordingly. An appeal remains pending before the Eleventh Circuit Court of Appeals. The Court finds that defendants are prevailing parties for the purposes of Fed. R. Civ. P. 54 and this issue is not disputed. See Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001)(quoting Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)).

**II.**

Costs may be awarded in a § 1983 civil rights action under the statutory authority of § 1920. Expenses or nonstatutory costs are separate from statutory costs and must be considered with a request for fees. Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1189 (11th Cir. 1983)("Reasonable attorneys' fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation."); Cappeletti Brothers, Inc. v. Broward County, 754 F. Supp. 197, 198 (S.D. Fla. 1991)(discussing costs under § 1920 versus costs under § 1988).

Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."

Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). These include fees "of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;" and fees "for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. In this case, plaintiff seeks costs for depositions, the mediator, and photocopying.

**A.**

Taxation of deposition costs is authorized by § 1920(2) if the deposition was wholly or partially necessarily obtained for use in the case, including a summary judgment motion. United States EEOC v. W&O, Inc., 213 F.3d 600, 620-22 (11th Cir. 2000). The Deposition of Cassandra L. Garcia (Doc. #90, Ex. 1), transcribed by Atlantic Reporting, and Deposition of Thomas P. Weaver (Doc. #97), transcribed by Donovan Court Reporting, were submitted and considered in conjunction with the dispositive motions. As a

result, the Court finds that the depositions were necessarily obtained for use in the case and **$1,413.10** will be taxed.

**B.**

Defendant states, by Affidavit of Costs (Doc. #127), that mediation costs in the amount of $167.00 were incurred. Although mediation costs are not taxable under § 1920, under the Case Management and Scheduling Order,

> The mediator shall be compensated at an hourly rate of $150, Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and borne equally by the parties. Upon motion of the prevailing party, the party's share may be taxed as costs in this action.

(Doc. #40, Section IV.F). Because the Court has determined that defendant is a prevailing party, the Court will tax costs for the mediation in the amount of **$167.00**.

**C.**

Under 28 U.S.C. § 1920(4), only costs for "copies of papers necessarily obtained for use in the case" may be taxed. Photographs are considered copies for the purposes of § 1920. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d at 1296. "Charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." Maris Distrib. Co. v. Anheuser-Busch, Inc., 2001 WL 862642, *5 (M.D. Fla. 2001)(citing Goodwall Constr. Co. v. Beers, 824 F. Supp. 1044, 1065 (N.D. Ga. 1992)).

Defendant has submitted an Affidavit of Costs (Doc. #127) providing for $135.25 in copying costs, however, no receipts or supporting memorandum of law have been provided to demonstrate that the copies were necessarily obtained for use in the case. Therefore, this request will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants Mike Scott and Thomas P. Weaver's Motion to Tax Costs (Doc. #127) is **GRANTED** to the extent that **$1,580.10** in costs is taxed against plaintiff.

2. The Clerk shall enter judgment taxing costs in the amount of $1,580.10 in favor of defendants Mike Scott and Thomas P. Weaver and against plaintiff.

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of January, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD