UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE GOEBERT,

Plaintiff,

vs. Case No. 2:04-cv-505-FtM-29DNF

LEE COUNTY, a Political Subdivision of the State of Florida; LEE COUNTY SHERIFF'S OFFICE; MIKE SCOTT as Sheriff of Lee County; THOMAS P. WEAVER, individually and as Captain of Lee County Sheriff's Office; PRISON HEALTH SERVICES, INC., a foreign corporation, EMSA CORRECTIONAL CARE, INC., a Florida corporation, DAVID F. BROWN, M.D., an individual, SANDEE MALANOSKI, R.N., an individual,

Defendants.

___________________________________

**OPINION AND ORDER**

This matter comes before the Court on the following three motions in limine: (1) Plaintiff's Motion in Limine (Doc. #122); (2) Medical Defendants' Motion in Limine (Doc. #124); and (3) Plaintiff's Second Motion in Limine (Doc. #144). See Luce v. United States, 469 U.S. 38, 40 n.2 (1984)(in a broad sense, a motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). Responses were filed to plaintiff's motions but not defendant's motion. In light of the nature of pre-trial *in limine* motions, the rulings below shall

govern the trial, but any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.

**(1) Plaintiff's Motion In Limine:**

Plaintiff's first Motion in Limine seeks to preclude evidence that she was charged by the State of Florida, the reason for her pretrial detention, and the ultimate outcome of the case; evidence of the facts that led to plaintiff's arrest and incarceration; evidence that plaintiff had fled to Canada and was extradited to Florida; and any testimony from the father of plaintiff's deceased child except for his status as the father.

As to plaintiff's prior conviction, the Court looks to Rule 609 of the Federal Rules of Evidence, which applies to civil as well as criminal cases. Shingleton v. Armor Velvet Corp., 621 F.2d 180, 183 (5th Cir. 1980).[1] The fact of plaintiff's conviction is admissible under FED. R. CIV. P. 609(a) if (1) the conviction is for a crime punishable by death or imprisonment in excess of one year, (2) the conviction is less than ten years old, (3) the evidence is being used to attack the witnesses credibility, and (4) the probative value of admitting the conviction outweighs its prejudicial effect under a Rule 403 analysis. The Court finds that all requirements are satisfied, and will allow evidence of the

[1]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

nature of the offense (i.e., what offense plaintiff was convicted of), the date, and the disposition. United States v. Burston, 159 F.3d 1328, 1335 (11th Cir. 1998); Jones v. TEK Indus., 319 F.3d 355, 360 (8th Cir. 2003). The Court finds that the danger of unfair prejudice, confusion of the issues or misleading the jury is not outweighed by the probative value of the evidence on the issue of credibility. Other than evidence of the offense, date and disposition, the Court will not permit defendants to inquire as to the underlying facts of the criminal case. The Court will also allow evidence as to the date of plaintiff's release from prison, since this is relevant to the issue of her claim for damages for mental anguish. Without a specific proffer outside the hearing of the jury, the Court will not allow any specific testimony concerning plaintiff's post-conviction incarceration.

As to plaintiff's flight to Canada, the Court does not see the relevance of what defendant Weaver refers to as plaintiff's "pre-incident state of mind" to the claims in the Second Amended Complaint. (Doc. #145, p. 2.) While plaintiff's flight could have caused or contributed to her physical condition while incarcerated, defendant Weaver has not identified any evidence that such was the situation in this case or, even if it was the situation, that it would impact the defendants' obligations to provide appropriate medical care. In the absence of more substantial reasons than are currently before the Court, evidence of plaintiff's flight will not

be allowed (unless, of course, plaintiff opens the door through her testimony or other evidence).

As to testimony by the father, the Court has no idea if he has otherwise relevant information and cannot tell from the motion and response. Therefore the motion will be denied, except to the extent that evidence of the underlying criminal case and flight will not be admissible through this witness.

**(2) Medical Defendants' Motion in Limine:**

Defendants request an order precluding plaintiff or her witnesses from referring to the fetus as a "baby," citing cases which hold that a fetus is not a "person" and fearing undue prejudice from use of the term "baby." The motion certifies that the other parties agree to the motion. The Court will therefore grant the motion, but recognizes that if the testimony is consistent with the summary judgment evidence, it will show that plaintiff referred to the fetus as a "baby" during discussions with medical personnel. E.g., Goebert v. Lee County, 510 F.3d 1312, 1318 (11th Cir. 2007).

**(3) Plaintiff's Second Motion In Limine:**

Plaintiff seeks to preclude defendants from introducing evidence inconsistent with specified portions of the Eleventh Circuit's decision on the appeal of the summary judgment order. The Eleventh Circuit was obligated to view any factual disputes in the light most favorable to plaintiff, as the non-moving party.

Goebert v. Lee County, 510 F.3d at 1316, 1328. This is not the same standard to be utilized in the trial. Additionally, the record is not frozen to that presented at the summary judgment stage. Therefore, the motion will be denied.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion in Limine (Doc. #122) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

(2) Medical Defendants' Motion in Limine (Doc. #124) is **GRANTED** as set forth above.

(3) Plaintiff's Second Motion in Limine (Doc. #144) Motion in Limine (Doc. #122) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 5th day of May, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record