```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MICHELLE GOEBERT,

               Plaintiff,

vs.                                  Case No. 2:04-cv-505-FtM-29DNF

LEE COUNTY, a Political Subdivision of the State of Florida; LEE COUNTY SHERIFF'S OFFICE; MIKE SCOTT as Sheriff of Lee County; THOMAS P. WEAVER, individually and as Captain of Lee County Sheriff's Office; PRISON HEALTH SERVICES, INC., a foreign corporation, EMSA CORRECTIONAL CARE, INC., a Florida corporation, DAVID F. BROWN, M.D., an individual, SANDEE MALANOSKI, R.N., an individual,

               Defendants.
_____

### OPINION AND ORDER

This matter comes before the Court on Defendants Prison Health Services, Inc., EMSA Correctional Care, Inc. and David F. Brown, M.D.'s Motion to Strike Plaintiff's Expert Witness (Doc. #99), to which plaintiff filed a Response (Doc. #101).  Defendants seek to strike plaintiff's expert Cassandra Garcia.

**I.**

The legal principles governing the admissibility of expert testimony are well settled.  Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the case.

In Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) and Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993) the Supreme Court held that the trial court had a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(*en banc*).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. v. Club Car (Quebec) Imp., Inc., 362 F.3d 775, 780 (11th Cir. 2004). See also United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1261

(11th Cir. 2004). See also McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n.7 (11th Cir. 2005).

The second requirement, discrete and independent from the witness's qualifications, is reliability. Frazier, 387 F.3d at 1261. While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case, the district court must evaluate the reliability of the testimony before allowing its admission at trial. Id. at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the

-3-

understanding of the average lay person. . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Id. at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n.8.

**II.**

In this case, defendants assert that Ms. Garcia is not qualified to testify as a witness, that her opinions are unreliable, and that they improperly invade the province of the jury.

In light of the Court's gatekeeping function, the Court rejects plaintiff's argument (Doc. #101, p.2) that the Court determines the qualifications of an expert only at the time of trial. In this case, the Court finds that a motion *in limine* is appropriate as to the issue of the expert.

Plaintiff's response to the qualification argument is troubling.  Plaintiff states: "It may very well turn out to be true that 'Ms. Garcia is unqualified to provide expert testimony . . .,' but the Defendants have not demonstrated that Ms. Garcia is not qualified pursuant to Rule 702, at this juncture.  At this point in time, the defense can only guess what Ms. Garcia is being called to testify about."  (Doc. #101, p. 2.)  Whether an expert is qualified to testify depends in part on what he or she is testifying about.  While plaintiff may be content to keep the defendants guessing as to the topic of her expert's testimony, if the Court has to guess it means plaintiff has not satisfied her burden of proof and the testimony will not be admissible.  Therefore, the Court will limit plaintiff to the areas of testimony proffered in her Response (Doc. #101) to the motion.

After reviewing the record, the Court finds that plaintiff has established that Ms. Garcia satisfied the standards summarized above as to the following issues: (1) the standard of care and treatment of pregnant inmates, including prenatal care and high risk pregnancies; (2) whether plaintiff had a serious medical condition; (3) the proper medical procedures for the care and treatment of a pregnant inmate in plaintiff's condition; (4) whether defendant followed the proper medical procedures for the care and treatment of a pregnant inmate in plaintiff's condition; and (5) the degree of deviation, if any, from the standard of care set forth in Ms. Garcia's testimony.  After reviewing the record,

the Court finds that plaintiff has not established that Ms. Garcia is qualified to testify, or that her opinion would be reliable, as to the following issues: (1) whether the actions of defendant "led to the death of [plaintiff's] unborn child"; and (2) all of the speculation following the word "If" in the quoted paragraph at the top of page 4 of the Response (Doc. #101).

The final issue, whether Ms. Garcia can testify that the actions of the defendants amounted to deliberate indifference, is a bit more complicated. There is Eleventh Circuit authority suggesting that the testimony of an expert as to deliberate indifference is admissible. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989), citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)) for the proposition that "whether misdiagnosis of medical condition resulted from negligence or deliberate indifference is a factual question requiring expert testimony." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995), citing Howell v. Evans, 922 F.2d 712, 719 (11th Cir. 1991) for the proposition that "a plaintiff may produce opinions of medical experts asserting that the inmate's treatment was so grossly contrary to accepted medical practices as to amount to deliberate indifference."

On the other hand, Cook, 402 F.3d at 1112-13, declined to decide whether an expert opinion on "deliberate indifference" amounted to an inadmissible conclusion of law because it decided the opinion was properly stricken from an affidavit as "another conclusion that 'is connected to existing data only by the *ipse*

*dixit* of the expert.'" In Campbell v. Sikes, 169 F.3d 1353, 1368-72 (11th Cir. 1999), the court found expert testimony admissible as to the objective component of a deliberate indifference claim, i.e., an objectively serious medical need, but not the subjective component.  The subjective element of deliberate indifference requires proof of subjective knowledge of a risk of serious harm, disregard for that risk, and conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). Showing the level of subjective knowledge requires that a defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and that the defendant also drew that inference. Id.  In Omar v. Babcock, 177 Fed. Appx. 59, 63 n.5 (11th Cir. 2006) the court upheld striking an expert's statement that conduct amounted to deliberate indifference as a legal conclusion, since the expert was not qualified as an expert on the state of mind of others.

    The Court, in the exercise of its discretion, will preclude the expert opinion that the conduct constituted deliberate indifference. Ms. Garcia is not qualified to render an opinion on the subjective component, and the jury does not need expert testimony to determine whether the other evidence supports a finding of subjective culpability.

Accordingly, it is now

**ORDERED**:

Defendants Prison Health Services, Inc., EMSA Correctional Care, Inc. And David F. Brown, M.D.'s Motion to Strike Plaintiff's Expert Witness (Doc. #99) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of May, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record